IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

CIVIL NO. 2:07CV23-T-02
(2:04CR38-T)

| | |
|---|---|
| LONNIE MACK OGLESBEE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, filed October 19, 2007.

Petitioner presents a litany of claims not only against his trial counsel but also against the Assistant United States Attorney who prosecuted the case. Petitioner alleges his trial counsel was ineffective for having failed to prepare for trial, to pursue a defense based on Petitioner's assertion that he was "not guilty by reason of diminished capacity," to investigate Petitioner's wife and secure an expert to establish that some of her statements against him were false, to dismiss jurors whom Petitioner

2

identified for dismissal, to properly question Petitioner during his testimony at trial, to secure expert testimony concerning sexual diseases, to oppose the testimony concerning Petitioner's possession of an AK-47, to seek a change of venue, and to honor Petitioner's request that counsel discover the motivation of Petitioner's wife in assisting the Government.

As for the Assistant United States Attorney who prosecuted the case, Petitioner alleges that he engaged in misconduct by permitting Petitioner's wife to testify falsely that he had broken her finger, and by eliciting testimony of Petitioner's ownership of weapons, including an AK-47, for the sole purpose of portraying Petitioner as a "bad man."

After careful consideration of the foregoing claims, the undersigned determines the Government should file response to those claims.[1]

---

[1] Petitioner also claims that defense counsel was ineffective for having failed to "defend [his] rights" and that the prosecutor engaged in misconduct by telling the jury that one of the victims was still afraid of Petitioner, despite the fact that Petitioner was in leg restraints. Petitioner's allegation that defense counsel failed to "defend [his] rights" is too vague to state a constitutional claim for relief. Furthermore, Petitioner's challenge to the prosecutor's remark is foreclosed by the Fourth Circuit's determination that even if the remark was prejudicial, it could not have violated Petitioner's right to a fair trial given the "volume of evidence of Oglesbee's guilt." **United States v. Oglesbee**, 177 F. App'x 359, 362 (4th Cir.), *cert. denied*, 127 S. Ct. 462 (2006). Because Petitioner cannot establish that a favorable, intervening change in the law has occurred, the Fourth Circuit's determination stands as an absolute bar to his ability to relitigate this issue.

3

**IT IS, THEREFORE, ORDERED** that the United States shall file an answer to Petitioner's allegations as listed above on or before 60 days from entry of this Order.

Signed: October 29, 2007

Lacy H. Thornburg
United States District Judge

---

**See Davis v. United States**, 417 U.S. 333, 342 (1974); **Boeckenhaupt v. United States**, 537 F.2d 1182 (4th Cir. 1976).