**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION**

Civil Case No. 2:07cv23
[Criminal Case No. 2:04cr038]

| | | |
|---|---|---|
| **LONNIE MACK OGLESBEE,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on the Petitioner's Motion for a Certificate of Appealability and Motion for Copies filed March 14, 2011 [Doc. 53].[1]

On March 4, 2011, this Court denied Petitioner's Motion to Vacate, Set Aside or Correct Sentence. [Doc. 50.] By the same Order, the Court declined to issue a certificate of appealability, a ruling which renders this motion moot. [Id., at 29]. The Petitioner makes the instant motions *pro se*, however, and the Court is required to construe *pro se* pleadings liberally. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) ( "[T]he long-standing practice is

---

[1]Petitioner's motions were in the form of a single letter to the Clerk of Court. Due to the contents of the letter, the Clerk of Court construed it as a motion.

to construe *pro se* pleadings liberally."). Therefore, the Court will treat the motion as one asking the Court to reconsider its previous denial of a certificate of appealability.

After a thorough review of the record, the Court finds that its prior decision was and is correct as a matter of law. The Court appropriately denied the Petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citations omitted). Consequently, the Court will deny the Petitioner's motion.

The Petitioner also seeks copies, at government expense, of "[e]very Document and Evidence and Exhibits" from his criminal trial. [Doc. 53.] An indigent habeas petitioner is entitled to documents at the government's expense in certain circumstances. 28 U.S.C. §753(f) (providing for a government-funded copy of transcripts in a § 2255 action "if the trial judge . . . certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal"]. Because there is no constitutional requirement that an indigent petitioner be supplied free transcripts, or other court documents, in order to collaterally attack a

2

conviction or sentence, a petitioner must show non-frivolousness and a particular need for the documents. United States v. MacCollum, 426 U.S. 317, 322-30, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976); Jones v. Superintendent, Va. State Farm, 460 F.2d 150, 152-53 (4th Cir. 1972), *adhered on rehearing*, 465 F.2d 1091 (4th Cir. 1972), *certiorari denied* 410 U.S. 944, 93 S.Ct. 1380, 35 L.Ed.2d 611 (1973).

Here, the Petitioner asserts that he is without the financial means to pay for copies of the requested documents. He fails, however, to identify any particular need for the documents. Furthermore, the Court has declined to issue a certificate of appealability for any of Petitioner's § 2255 claims. Accordingly, the Petitioner's motion for copies will be denied.

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion for Certificate of Appealability and Motion for Copies [Doc. 53] are hereby **DENIED**.

Signed: March 23, 2011

Martin Reidinger
United States District Judge